UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IVORY HOUSTON-BEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CHRISTIANSEN, *et al.*,<br><br>Defendants. | Case No. 21-10500<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]**

## I.   Introduction and Background

Plaintiff Ivory Houston-Bey, Jr., a prisoner proceeding *pro se*, sues Michigan Department of Corrections (MDOC) Defendants John Christiansen, Michael Desco, and Douglas Krause in their official capacities only. ECF No. 1. The Honorable Gershwin A. Drain referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 15.

Houston-Bey claims that, though 230 prisoners participated in an April 2020 riot at Central Michigan Correctional Facility, he and five other prisoners of Muslim or of African descent were the only prisoners to be charged with major misconduct tickets. ECF No. 1, PageID.3. Houston-

Bey alleges he received this discipline because of the major misconduct ticket: "(1) sent to segregation, (2) security level increased from a 1 to a 4, (3) administratively continued segregation, (4) sanctions, (5) loss of disciplinary credits, (6) loss of personal properties, (7) and other inhumane treatments." *Id*.

Defendants move for summary judgment, and the matter is fully briefed. ECF No. 14; ECF No. 18; ECF No. 19. In their motion, defendants argue that Houston-Bey failed to exhaust his administrative remedies and that they are entitled to Eleventh Amendment immunity. ECF No. 14. The Court agrees and recommends that defendants' motion for summary judgment be granted.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). Requiring exhaustion allows prison officials a chance to resolve disputes about the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the

prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

A Michigan prisoner usually exhausts his administrative remedies by complying with the three-step grievance procedure in MDOC Policy Directive (PD) 03.02.130 (March 18, 2019).[1] But a prisoner found guilty of misconduct, and thus aggrieved by a hearing officer's decision, must exhaust his claim through the misconduct hearing rather than file a

---

[1] *See* https://www.michigan.gov/documents/corrections/03_02_130_649677_7.pdf.

grievance.  PD 03.02.130 ¶ J(9); Mich. Comp. Laws § 791.255(1) ("A prisoner aggrieved by a final decision or order of a hearings officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order."); *see also* MDOC PD 03.03.105 ¶¶ SSS-TTT (effective July 1, 2018) (providing procedures for appeal of a Class I misconduct hearing officer's decision).

Thus, in *Siggers v. Campbell*, the court said that the "only avenue" for exhausting a claim "relate[d] to the issuance of major misconduct reports" is through the misconduct hearing.  652 F.3d 681, 693-94 (6th Cir. 2011). So the court rejected the plaintiff's argument that he was precluded from completing the three-step grievance process when he was "'in the hole.'" *Id*.  In other words, because the plaintiff's retaliation and conspiracy claims arose from the issuance of the major misconduct report, those claims were not grievable.  *Id*.  *See also Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019) (same).

Houston-Bey complains that he was charged with misconduct because of discrimination and that he was then disciplined after the misconduct hearing.  ECF No. 1.  Defendants argue that Houston-Bey failed to exhaust his administrative remedies by not raising the

5

discrimination claim in the misconduct hearing and appeal. ECF No. 14, PageID.36-37. In response, Houston-Bey asserts that the grievance process was unavailable to him because he was "in segregation during the filing of prisoner grievance" and that his grievance should therefore be found exhausted. ECF No. 18, PageID.109. This argument mirrors the one found meritless in *Siggers*; the misconduct hearing was the only avenue for Houston-Bey to exhaust his claim that he was issued a major misconduct ticket because of discrimination. 652 F.3d at 693-94.

Defendants submit documents from the misconduct hearing that make no mention of Houston-Bey claiming that he was charged with misconduct because of racial or religious discrimination. ECF No. 14-4, PageID.56-60. And in his response, Houston-Bey neither alleged nor presented evidence to show that he exhausted his discrimination claim during the misconduct hearing. ECF No. 18. With no evidence that Houston-Bey raised his discrimination claim during the misconduct hearing, summary judgment should be granted. *See Smith*, 2019 WL 7946345 at *3 (affirming summary judgment for the defendants when the plaintiff presented no evidence that he raised retaliation claim during the misconduct hearing but instead filed copies of his grievance documents).

**B.**

Defendants also argue that the Eleventh Amendment bars Houston-Bey's suit against them in their official capacities. ECF No. 14, PageID.38. The Court agrees. This argument is more properly categorized as being for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Eleventh Amendment protects states, their departments, and agencies from suit in federal court for injunctive relief or damages by their own citizens or citizens of another state. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Michigan Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 676 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020). This immunity extends to state employees being sued in their official capacity as well. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Without clear abrogation of a state's immunity under a valid exercise of power, it may not be sued without its consent. *Halderman*, 465 U.S. at 98-99; *Green v. Mansour*, 474 U.S. 64, 68 (1985). Michigan has not consented to civil rights suits in federal court. *Johnson v.*

*Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And while the Eleventh Amendment "does not preclude suits against state defendants for *prospective* injunctive relief," *Michigan Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 676 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020) (emphasis added), the complaint must allege an "ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002). The focus is on the allegations only—not the merits of the claim. *Id.* at 646.

In his complaint, Houston-Bey does not allege that he faces current or prospective threats of discrimination or poor conditions of confinement; instead, he seeks redress for defendants' allegedly discriminatory actions after a prison riot in April 2020. *See* ECF No. 1. This does not constitute prospective injunctive relief and thus Houston-Bey's claims against defendants in their official capacities are barred by the Eleventh Amendment.

### III. Conclusion

The Court **RECOMMENDS** that defendants' motion for summary judgment, **ECF No. 14**, be **GRANTED** and that Houston-Bey's claims be **DISMISSED WITHOUT PREJUDICE**.

|  | s/Elizabeth A. Stafford |
|---|---|
|  | ELIZABETH A. STAFFORD |
|  | United States Magistrate Judge |
| Dated: April 7, 2022 |  |

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

9

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 7, 2022.

                                                  s/Marlena Williams  
                                                  MARLENA WILLIAMS  
                                                  Case Manager